# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

In re Edward R. Martin, Jr.,

A member of the Bar
   of the District of Columbia
   Court of Appeals

Bar No. 481866

Case No. 1:26-mc-0042-CRC

## MOTION TO REMAND

This matter arises from an attorney discipline proceeding against Edward R. Martin, Jr. which is pending before a hearing committee of the D.C. Board on Professional Responsibility, an agency of the District of Columbia Court of Appeals. On April 7, 2026, Martin filed a notice purporting to remove that proceeding to this Court. The Court should remand the case because it lacks jurisdiction to hear it.

## STATEMENT OF POINTS & AUTHORITIES

The right to remove a case from state court to federal court is "purely statutory." 14C Wright & Miller, Fed. Prac. & Proc. Juris. § 3721 (Rev. 4th ed.). The scope of removal "and the terms of its availability . . . are entirely dependent on acts of Congress." *Id.* Thus, if there is no statutory basis to remove a given matter, the matter cannot be removed to federal court.

Here, Martin cites four sections of the U.S. Code as a basis for removal: 28 U.S.C. §§ 1331, 1441, 1442, and 1446. Those statutes authorize the removal of

"civil actions" initiated in a State court over which the district courts have original jurisdiction and certain "civil actions" and "criminal prosecutions" initiated in a State court against an officer of the federal government. The disciplinary proceeding against Martin is not removable under those statutes because it is neither a civil action nor a criminal prosecution. Thus, none of the statutes authorize removal, even for attorneys employed by the federal government. Because there is no statutory basis for removal, this Court lacks subject-matter jurisdiction and should therefore order that the matter be remanded. Indeed, in the statute commonly known as the McDade Amendment, 28 U.S.C. § 530B, Congress made clear that attorneys for the government are subject to the same state disciplinary authority under the same procedures as non-government attorneys.

### A.    The disciplinary proceeding against Martin is not a "civil action" or a "criminal prosecution."

In the removal statutes, Congress authorized the district courts to hear certain "civil actions" and "criminal prosecutions" initiated in State court. First, Section 1331 of Title 28 provides federal district courts with original jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1441 then states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. 28 U.S.C. § 1441(a). Section 1441 there-

fore authorizes removal of "civil actions" brought in State court only when the district court has original jurisdiction. Federal courts have no jurisdiction over attorney discipline proceedings instituted by state authorities; those matters are left exclusively to the States and the District of Columbia. *Leis v. Flynt*, 439 U.S. 438, 442 (1979); s*ee* District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L. No. 91-358, 84 Stat. 521 (directing the D.C. Court of Appeals to make rules for membership in and discipline of its bar).

Section 1442 permits the removal of "[a] civil action or criminal prosecution that is commenced in a State court" against an officer of the United States for acts under color of such office. Section 1442(d)(1) defines "civil action" and "criminal prosecution" to include "any proceeding . . . to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought"; if there is no basis for removal other than seeking a judicial order, "only that proceeding may be removed to the district court." Section 1442 thus authorizes the removal of three types of actions initiated in a State court against a federal officer for acts taken under color of office: (1) a "civil action"; (2) a "criminal prosecution"; and (3) an attempt to obtain a judicial order compelling testimony or the production of documents from a federal officer in a state proceeding.[1]

---

[1] Although Martin's notice of removal cites 28 U.S.C. § 1446, that statute states the procedure for removal of "civil actions"; it does not provide a basis for removal on its own.

This Court recently addressed the removability of an attorney disciplinary matter in *In re Clark*, finding that that such an action "is not a removable proceeding." 678 F.Supp.3d 112, 122-124 & n.14 (D.D.C. 2023), *affirmed on other grounds sub nom Clark v. Office of Disciplinary Counsel*, 2024 WL 3385251 (July 12, 2024). The Court found that disciplinary matters are not removable because they are neither "civil actions" nor "criminal prosecutions." *Id.* In particular, they "bear[] none of the essential hallmarks of a civil case," they involve "no private injury," and they are not of a character traditionally cognizable at common law or in equity. *Id.* at 122 (cleaned up). As this Court noted, "[o]ther federal courts have similarly found that attorney disciplinary proceedings are not 'civil actions' under the removal statute." *Id.* (collecting cases).

The Court likewise held, correctly, that disciplinary proceedings are not removable as "criminal prosecutions." *Id.* at 124-125. Neither the Rules of Professional Conduct nor the attorney's oath are criminal laws. Their violation is not a crime, and attorneys cannot be sent to prison or fined for violating them. Rather they are the means by which the D.C. Court of Appeals ensures the integrity of its bar. And that Court has plainly stated, "Bar disciplinary proceedings 'are not criminal prosecutions in any sense.'" *In re Blackwell*, 299 A.3d 561, 570 n.3 (2023) (quoting *Brookens v. United States*, 182 A.3d 123, 133 n.17 (D.C. 2018)). It has similarly held that "[a] disciplinary sanction differs from a criminal conviction," *In*

*re Williams*, 513 A.2d 793, 796 (1986), and regularly notes that the purpose of disciplinary sanctions is not "to punish the attorney," but rather "to serve the public and professional interests identified and to deter future and similar conduct." *In re Cleaver-Bascombe*, 986 A.2d 1191, 1195 (2010).

Nor is the disciplinary matter removable as a proceeding in which a judicial order seeking testimony or documents is sought against a federal officer. *See* 28 U.S.C. § 1442(d)(1). The specification of charges concerns Martin's conduct as a member of the bar of the D.C. Court of Appeals, and it seeks to adjudicate whether he should be disciplined for violating the Rules of Professional Conduct and the attorney's oath of office. It does not involve an order seeking Martin's testimony as a federal officer in a state proceeding, nor does it ask him to produce documents for the federal government. Accordingly, it is not a removable proceeding under Section 1442(d)(1).

Thus, the removal statutes do not authorize federal district courts to hear attorney disciplinary matters because such proceedings are neither "civil actions" nor "criminal prosecutions." Because there is no statutory basis for removal, this Court lacks subject-matter jurisdiction and the case must be remanded.

Moreover, disciplinary proceedings are incompatible with adjudication before a federal district court. A district court cannot follow the procedures established for disciplinary matters, nor can it grant the relief sought by Disciplinary

Counsel. The procedures—such as a hearing before a volunteer hearing committee and review by the Board on Professional Responsibility—differ significantly from this Court's procedures. *See generally* D.C. Bar R. XI. They were adopted specifically for disciplinary matters by the D.C. Court of Appeals at the direction of Congress. *See id.*; 84 Stat. at 521. There is no sensible way to proceed in district court without supplanting those procedures with something that neither Congress nor the D.C. Court of Appeals has authorized. Nor can this Court grant the relief sought in a disciplinary matter. A district court has no authority to suspend or disbar an attorney from practicing in the District of Columbia generally or before the D.C. Court of Appeals. That authority rests exclusively with the Court of Appeals. *See id.* In short, permitting removal of a disciplinary action would place the controversy before a court that cannot employ the established procedures for resolving that controversy and which is powerless to provide relief.

**B.    Under the McDade Amendment, attorneys for the federal government are subject to state disciplinary proceedings to the same extent and in the same manner as other attorneys.**

The McDade Amendment, 28 U.S.C. § 530B(a), provides:

"An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State."

This statute resolved a long-simmering controversy in which the Department of Justice had claimed its lawyers were immune from state discipline for conduct in the course of their official duties. *See Clark*, 678 F.Supp.3d at 116-119. The courts (including this one) had roundly rejected that argument in cases such as *United States v. Ferrara*, 847 F. Supp. 964, 969 (D.D.C. 1993), and *In re Doe*, 801 F. Supp. 478, 486-487 (D.N.M. 1992), but the McDade Amendment definitively settled the issue. In plain terms, Congress declared that attorneys for the government are subject to the same disciplinary rules and proceedings as other attorneys. Thus, even setting aside the lack of any statutory basis for removal, the McDade Amendment settles Martin's contention that as an attorney for the federal government, he is due a special federal forum to adjudicate whether he should be subject to discipline. *See* Martin Notice of Removal, Docket No. 1, at 3. Having declared government attorneys are subject to state disciplinary rules "to the same extent *and in the same manner*" as other attorneys, Congress could not possibly have intended that disciplinary actions against those very attorneys should be decided in a *different* manner by permitting removal to federal court.

C.    **Martin fails to state a basis for removal and his notice of removal contains factual misrepresentations.**

Although Martin cites the removal statutes in his notice, he fails to provide the short and plain statement of the grounds for removal required by 28 U.S.C.

§ 1446(a). Specifically, while he avers that he is currently serving as a "federal officer" and that the charges involve his conduct as such, he does not provide any reasons why the disciplinary proceeding against him is removable as either a civil action or a criminal prosecution under the removal statutes. *See* Docket No. 1 at 2-3. Instead, he argues that he is entitled to a "federal forum for the adjudication of his federal defenses." *Id.* But he does not explain how that makes the proceeding either a civil action or criminal prosecution which is removable to federal court. In addition, Martin makes several factual misrepresentations and omissions in the notice of removal.

In particular, Martin omits any mention that Jeffrey Clark made the same arguments while represented by two of the same lawyers who represent Martin, in an unsuccessful effort to remove his D.C. disciplinary proceeding to this Court. Martin does not cite or distinguish the order of this Court rejecting those arguments and remanding the case. Nor did he cite the subsequent ruling of the D.C. Court of Appeals that it had jurisdiction over federal lawyers admitted in the District of Columbia under the McDade Amendment. *See In re Clark*, 311 A.3d 882, 887-889 (D.C. 2024).

Martin's notice also distorts the facts. He characterizes a letter to Disciplinary Counsel Hamilton Fox as evidence that he was conducting an investigation of Fox, but the letter itself simply asks about two topics relating to the initiation of

disciplinary investigations. *See* Docket No. 1, Ex. 1. Martin attaches part of the ensuing exchange of communications (between Martin, Fox, and Chief Judge Blackburne-Rigsby), but he omits the Chief Judge's direction that Martin should bring his questions to the attention of the Board on Professional Responsibility, which supervises Disciplinary Counsel and sets the standards for the initiation of investigations, as well as three detailed responses in which the Board answered his questions.[2] Martin's suggestion that his questions were ignored (Docket No. 1 at 4-5) is misleading. Moreover, at no point during the exchange did Martin indicate that he was conducting an investigation of Fox personally, rather than asking about the manner in which he conducted his duties. In the notice of removal, Martin still does not explain what he was allegedly investigating or provide any basis for doing so.

Martin likewise characterizes his letter to Dean Treanor of Georgetown University Law Center as an "inquiry" that "requested information and clarification" about Georgetown's "allegedly illegal or otherwise non-compliant Diversity, Equity and Inclusion ('DEI') policies." The letter itself does not support that characterization. Unlike in his notice of removal, Martin did not refer to "Diversity, Equity and Inclusion ('DEI") policies" in his letter. Instead, he asked whether Georgetown had stopped teaching "DEI" without defining that term and without any allegation that

---

[2] The Chief Judge's letter to Martin and the Board's responses to his inquiries are attached to this motion as Exhibits 1-4.

Georgetown's policies were "illegal or otherwise non-compliant" as he now claims. Docket No. 1 at 5-6. Martin did not indicate that he was investigating anything; instead, he declared that the U.S. Attorney's Office would not hire Georgetown students and graduates until the school eliminated "DEI," again, undefined. That is a sanction, imposed without any factual inquiry or legal determination. It is not an "inquiry" or the announcement of an investigation. There was no suggestion of any ongoing investigation by Martin or the U.S. Attorney's office with which a disciplinary investigation could interfere.

Finally, Martin fails to disclose that he has already pursued his allegations of a conflict of interest (*see* Docket No. 1 at 12-13) before the Board on Professional Responsibility. In response to Disciplinary Counsel's investigation, Martin moved to disqualify Fox and the Office of Disciplinary Counsel from pursuing the matter. Martin does not acknowledge that Board has already considered and rejected his arguments.[3] Among other things, the Board concluded that Martin's correspondence to Fox did not provide "a clear basis for a reader to conclude that [Martin] was conducting an official investigation into Mr. Fox's conduct." BPR July 27, 2025 Order at 7. The Board also found no basis for disqualification. *Id.*

---

[3] The Board's order is attached to this motion as Exhibit 5. Although the order was sealed at the time it was issued, it has since been unsealed with Martin's consent.

## CONCLUSION

The Court should remand the proceeding because it lacks subject-matter jurisdiction.

Respectfully submitted,

HAMILTON P. FOX, III
  *Disciplinary Counsel*
  D.C. Bar No. 113050

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*
  D.C. Bar No. 486339

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501