## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re Edward R. Martin, Jr.,

A member of the Bar
   of the District of Columbia
   Court of Appeals

Bar No. 481866

Case No.  1:26-mc-00042-CRC

## MOTION TO STAY FURTHER PROCEEDINGS UNTIL A RULING ON DISCIPLINARY COUNSEL'S MOTION TO REMAND

Disciplinary Counsel requests that the Court stay further proceedings in this matter, including any further briefing on the pending Motion to Disqualify.  Counsel for Mr. Phalen has consented to this motion.  Disciplinary Counsel has sought the consent of Respondent to this motion, but Respondent's counsel has not responded substantively.

### STATEMENT OF POINTS & AUTHORITIES

On June 26, 2026, Respondent Edward Martin filed a Motion to Disqualify Disciplinary Counsel and the Executive Office of the Board on Professional Responsibility, asserting that each had a conflict of interest prohibiting them from further participation in the disciplinary case that Disciplinary Counsel has brought against him.

Pursuant to D.D.C. Local Civ. R. 7(b), Disciplinary Counsel and the Executive Office's responses are due July 10, 2026.  Disciplinary Counsel has compelling

arguments to defeat Respondent Martin's motion to disqualify. including, but not limited to, the analysis set forth in the July 31, 2025 Board on Professional Responsibility order denying Martin's motion to disqualify Disciplinary Counsel. (The order is attached to Disciplinary Counsel's April 17, 2026 Motion to Remand as Exhibit 5.)  In any case, Martin's motion fails on the merits because he incorrectly attempts to apply the impartiality standard for judges to Disciplinary Counsel. Under *Marshall v. Jerrico, Inc.,* 446 U.S. 238 (1980), Disciplinary Counsel's "functions resemble those of a prosecutor more closely than those of a judge." Prosecutors are subject to disqualification for reasons such as a personal financial stake or conflicts like having previously represented a party or witness.  They are not disqualified for conflicts that are manufactured by a defendant.

However, rather than have the parties and the Court expend further time and resources on Respondent's motion to disqualify at this time, Disciplinary Counsel requests that further proceedings in this matter, including the remaining briefing on Respondent's motion to disqualify, be stayed pending the Court's decision on Disciplinary Counsel's Motion to Remand.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936).  In determining whether a stay is appropriate, the court "must

weigh competing interests and maintain an even balance." *Id.* at 254-255 (internal citations omitted). *Accord Yukos Cap. Ltd. v. Russian Fed'n*, 792 F. Supp. 3d 83, 88 (D.D.C. 2025).

A stay is appropriate here because Disciplinary Counsel alleges in its motion to remand that this Court does not have subject matter jurisdiction. Neither Disciplinary Counsel, the Board on Professional Responsibility, nor the Court should be required to expend time and resources to defend against or analyze Respondent's motion to disqualify or any other matter unless and until the Court determines that it has jurisdiction. If the Court determines that it lacks jurisdiction, the question of disqualification, quintessentially a matter of local law, becomes moot. The Court will not have to grapple with questions such as issue preclusion based upon the earlier decision of the Board on Professional Responsibility.

Respondent is not harmed by the stay. If the Court ultimately determines that it has no jurisdiction, it must remand this case to the Board on Professional Responsibility and will have no authority to rule on Respondent's motion to disqualify. *See generally* Wright & Miller, 14C Fed. Prac. & Proc. § 3739 & n.16 (Rev. 4th ed.) ("With the possible exception of an order for costs, in other respects an order of remand to state court ends the jurisdiction of the federal court over a case."). If the Court determines that it has jurisdiction and denies Disciplinary

Counsel's motion to remand, it may establish at that time a schedule for the opposition to Respondent's motion and any reply thereto to be filed.

Disciplinary Counsel respectfully requests that the Court enter the attached proposed order and stay the proceedings in this matter until it determines whether it has jurisdiction.

Respectfully submitted,

/s Hamilton P. Fox, III

Hamilton P. Fox, III
Disciplinary Counsel
D.C. Bar No. 113050

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501

4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

In re Edward R. Martin, Jr.,

A member of the Bar
   of the District of Columbia
   Court of Appeals

Bar No. 481866

Case No.  1:26-mc-0042-CRC

**[PROPOSED] ORDER**

On consideration of Disciplinary Counsel's motion to stay further proceedings (Docket No. __), the Court finds that it is appropriate to stay further proceedings in this matter until it decides Disciplinary Counsel's motion to remand (Docket No. 3). Accordingly, further proceedings are hereby STAYED until a ruling on the motion to remand.  If the motion to remand is denied, the Court will issue a schedule for Disciplinary Counsel and the Executive Office of the Board on Professional Responsibility to respond to Respondent Martin's motion to disqualify.

SO ORDERED.

Dated: _____

_____
Hon. Christopher R. Cooper
United States District Judge

**Notice to:**

Christopher Byrne
5821 Magnolia Lane
Falls Church, VA 22041-1662

 *Counsel for Edward R. Martin, Jr.*

Hamilton P. Fox, III
Theodore (Jack) Metzler
Office of Disciplinary Counsel
515 5th Street, N.W.
Building A, Suite 117
Washington, DC 20001

 *Counsel for District of Columbia Office of Disciplinary Counsel*

Lester Paul Machado
O'Hagan Meyer
225 Reinekers Lane, Suite 300
Alexandria, VA 22314

 *Counsel for James Phalen and the District of Columbia Board on Professional Responsibility*

2