## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re Edward R. Martin, Jr.,

A member of the Bar
   of the District of Columbia
   Court of Appeals

Bar No. 481866

Case No.: 1:26-mc-00042-CRC

### NON-PARTY JAMES T. PHALEN'S MOTION TO STAY
### EDWARD R. MARTIN JR.'S MOTION TO DISQUALIFY
### UNTIL THE COURT FIRST RESOLVES WHETHER IT HAS JURISDICTION

James T. Phalen moves the Court to stay briefing on Edward R. Martin, Jr.'s motion to

disqualify until the Court first resolves the pending motion to remand and confirms that it has

subject matter jurisdiction over this removed case.

### STATEMENT OF POINTS AND AUTHORITIES

### Relevant background facts

On March 6, 2026, the Office of Disciplinary Counsel (ODC), which investigates

attorney misconduct and prosecutes those cases in the District of Columbia, filed charges against

Mr. Martin, alleging that he engaged in conduct that violates the standards governing the practice

of law in the District of Columbia as prescribed by D.C. Bar Rule X and D.C. Bar Rule XI,

§2(b). *See* https://www.dcbar.org/ServeFile/GetDisciplinaryActionFile?fileName=2026-03-

06SpecificationMartin.pdf

On April 7, 2026, Mr. Martin filed a notice of removal from the District of Columbia

Court of Appeals Board on Professional Responsibility. ECF No. 1. Ten days later, on April 17,

2026, the ODC moved to remand the case, asserting that the Court lacks subject matter

jurisdiction over the removed case. ECF No. 3.

Although the Court has yet to decide that it has subject matter jurisdiction over this removed case, Mr. Martin has now filed a motion to "disqualify" Hamilton A. Fox, the Disciplinary Counsel for the ODC; all ODC employees; James T. Phalen, the Executive Attorney for the Board on Professional Responsibility, which is the entity charged by the D.C. Court of Appeals to administer the attorney discipline system and support the court in adjudicating disciplinary cases in the District of Columbia; and the staff attorneys supervised by Mr. Phalen. ECF No. 11.

## ARGUMENT

"It is well established that a federal court cannot act in the absence of jurisdiction." *Am. Library Ass'n v. FCC*, 401 F.3d 489, 492 (D.C. Cir. 2005) (citation omitted). As such, where a party has filed a motion to remand, the Court must resolve that motion first, *before* turning to any other motions. *See, e.g., Mansaray v. Credit Acceptance Corp.*, No. 23-cv-144, 2024 U.S. Dist. LEXIS 182273, at *2 (D.D.C. Oct. 7, 2024) (first deciding motion to remand before considering removing party's motion to compel arbitration); *Julien v. CCA of Tenn., Inc.*, 268 F. Supp. 2d 19, 21 (D.D.C. 2003) ("At the outset, the court must assure itself that it has subject-matter jurisdiction over the action" (citations omitted)).

Unless and until the Court resolves ODC's pending motion to remand, and assures itself that it has jurisdiction over this removed case, it should not consider Mr. Martin's motion to disqualify. For this reason, Mr. Phalen moves the Court to stay briefing on the disqualification motion until it first resolves the motion to remand. *See Landis v. North America Corp.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

If the Court concludes that it lacks subject matter jurisdiction, then the case will return to the Board, and Mr. Martin's motion to disqualify Mr. Phalen in this proceeding becomes moot. Even if the Court decides that it possesses subject matter jurisdiction, Mr. Phalen and the staff attorneys are not a party to this case. They cannot be disqualified from a case in which they are not involved. So either way, the time and effort incurred by Mr. Phalen in opposing Mr. Martin's motion will be for naught.

## CONCLUSION

For these reasons, Mr. Phalen, a non-party to this case, respectfully requests that the Court enter an Order staying briefing on Mr. Martin's motion to disqualify (ECF No. 11) until the Court first decides the ODC's motion to remand (ECF No. 3).

Dated:    July 10, 2026                    Respectfully submitted,


                                           */s/ Leslie Paul Machado*
                                           Leslie Paul Machado (Bar No. 472395)
                                           O'Hagan Meyer PLLC
                                           225 Reinekers Lane, Suite 300
                                           Alexandria, Virginia 22314
                                           (703) 775-8607 (phone)
                                           (804) 237-0250 (facsimile)
                                           lmachado@ohaganmeyer.com

                                           **Counsel for James T. Phalen**

-4-

**LOCAL RULE 7(m) CERTIFICATION**

Pursuant to Local Rule 7(m), I emailed Mr. Martin's three attorneys on June 9, 2026, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. None of Mr. Martin's three attorneys responded to the email message.

*/s/ Leslie Paul Machado*
Leslie Paul Machado

-5-

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 10th day of July 2026, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

/s/ *Leslie Paul Machado*
Leslie Paul Machado

-5-